## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JOSE PENA,

      Plaintiff,

v.                                                                CV 12-0622 WPL/RHS

WILLIAM D. HAWES, JR. and
AMERICAN FAMILY INSURANCE,

      Defendants.

### AMENDED ORDER DENYING DEFENDANTS' MOTION TO STRIKE
### AND GRANTING PLAINTIFF'S EMERGENCY MOTION
### TO SUBSTITUE EXPERT WITNESSES AND AMEND SCHEDULING ORDER

The parties have filed dueling motions: Defendants William Hawes and American Family Insurance have filed a Motion to Strike Plaintiff's Expert Witnesses for Untimely Disclosure (Doc. 42), while Plaintiff Jose Pena has filed an Emergency Motion to substitute expert witnesses and amend the scheduling order (Doc. 46).[1] These motions arise out of Pena's failure to timely disclose his expert witnesses by May 31, 2013, as ordered. (*See* Doc. 34.)

Pena admits that he did not disclose his expert witness, Dr. Swinson, as ordered because his office did not properly calendar the expert disclosure date. (Doc. 45 at 3.) Pena states that Dr. Swinson subsequently refused to continue to serve as Pena's expert in this case, and he requests that the Court allow him to substitute Nelson Welch as an expert witness and amend the scheduling order to allow the parties additional time to disclose experts and pursue discovery. (Doc. 45 at 3-8.) Defendants submit a number of arguments in support of their motion. They

---

[1] Defendants inexplicably assert in their Notice of Completion of Briefing that Pena did not file a Response to their Motion to Strike. (Doc. 51 at 1.) While not titled a Response, Pena did file a Memorandum in Opposition to Defendants' Motion (Doc. 45), and Defendants refer to arguments made in the Memorandum in Opposition and specifically identify it as a "response" in their Reply. (Doc. 50 at 4-5.) I cannot tell if Defendants are simply sloppy or are trying to mislead me about Pena's opposition to their Motion. I will assume it is the former, although neither reflects well on defense counsel.

assert that "Plaintiff has put himself in a position to gain an unfair tactical advantage" by withholding his expert disclosure and forcing Defendants to disclose their experts first; that Defendants "have never even heard of" Nelson Welch, the proposed new expert, and that Welch will testify "in a field Plaintiff never disclosed before (accident reconstruction)"; and that Defendants will now have "to face trial by fire" and will incur additional costs to defend the case. (Doc. 42 at 6; Doc. 50 at 5.)

Since Pena promptly stipulated to Defendants' request to extend the time for Defendants to disclose their experts (Doc. 41), there is no factual basis to support the "unfair tactical advantage" argument. While perhaps Defendants have never heard of Nelson Welch, I am confident that defense counsel, or members of their firm, have heard of Nelson Welch and are fully familiar with him and the areas in which he normally testifies. I am not sure what to make of the "trial by fire" argument; it seems to duplicate the "unfair tactical advantage" argument that I have already rejected.

There is no doubt that Pena did not properly maintain contact with Dr. Swinson and did not properly disclose him as an expert witness. Pena also did not submit summary disclosures for the healthcare providers that he listed in his initial disclosures, and he offers no justification for this failure. Federal Rule of Civil Procedure 26 was amended in December 2010 to add a new subsection (a)(2)(C) which requires summary disclosures from experts who are not retained or specially employed to provide expert testimony in the case. Under Rule 26(a)(2)(C), the party calling a nonretained expert (i.e., a treating physician) must prepare a report that discloses "(i) the subject matter on which the expert is expected to present evidence under Federal Rule of Evidence 702, 703 or 705; and (ii) a summary of the facts and opinions to which the expert is expected to testify." A party may not simply refer to medical records produced during discovery

2

for the subject matter, facts, and opinions that would be the substance of a treating physician's testimony. *See Schultz v. Ability Ins. Co.*, No. C11-1020, 2012 WL 5285777, at *5 (N.D. Iowa Oct. 25, 2012) (unpublished); *Brown v. Providence Med. Ctr.*, No. 8:10CV230, 2011 WL 4498824, at *1 (D. Neb. Sept. 27, 2011) (unpublished). Further, a party may not simply list a number of treating physicians and generally describe the subject matter, facts, and opinions to which they will testify, but must indicate separately the subject matter, facts, and opinions to which each physician will testify. *Cooke v. Town of Colo. City,* No. CV 10-08105-PCT-JAT, 2013 WL 551508, at *4 (D. Ariz. Feb. 13, 2013) (unpublished); *Saline River Props., LLC v. Johnson Controls, Inc.*, Civ. A. No. 10-10507, 2011 WL 6031943, at *9-10 (E.D. Mich. Dec. 5, 2011) (unpublished). Courts have a variety of sanctions that can be imposed if a party fails to provide acceptable summary disclosures. *Pineda v. City & Cnty. of S.F.*, 280 F.R.D. 517, 522-23 (N.D. Cal. 2012); *Martinez v. Garcia*, No. 08 C 2601, 2012 U.S. Dist. LEXIS 158220, at *4-5 (N.D. Ill. Nov. 5, 2012) (unpublished).

Pena's failure to comply with Rule 26 was not substantially justified, and Defendants have been prejudiced in preparing their defense of this case as a result of Pena's failures. However, any prejudice suffered by Defendants can be cured by extending deadlines and imposing sanctions against Pena for failing to properly disclose his expert witnesses and submit expert reports and summary disclosures as required by Rule 26(a)(2)(B) and (C). Therefore, the current deadlines are vacated and the parties will comply the following deadlines[2]:

| | |
|---|---|
| Pena's Rule 26(a)(2)(C) disclosures are due: | September 16, 2013 |
| Pena's expert witness disclosure is due: | September 30, 2013 |
| Defendants' expert witness disclosure is due: | October 30, 2013 |

---

[2] Further details about these deadlines are contained in Judge Scott's Scheduling Order. (Doc. 34.)

| | |
|---|---|
| Discovery terminates: | December 30, 2013 |
| Discovery motions: | January 7, 2014 |
| Dispositive motions: | January 14, 2014 |
| PreTrial Order: | |
|     Pena to Defendants: | February 14, 2014 |
|     Defendants to Court: | February 28, 2014 |

In reviewing whether and what sanctions are appropriate, the court should consider who acted in bad faith, the party or the attorney, and to what degree. After all, "[i]f the fault lies with the attorneys, that is where the impact of the sanction should be lodged." *M.E.N. Co. v. Control Fluidics, Inc.,* 834 F.2d 869, 873 (10th Cir. 1987) (quoting *In re Sanction of Baker*, 744 F.2d 1438, 1442 (10th Cir. 1984)). There is no indication that Pena personally is at fault, and Pena's counsel admits that the failings lie with him and his office staff, so sanctions will be assessed against counsel individually. Therefore, Pena's counsel shall pay 50% of Defendants' reasonable expenses incurred in bringing their Motion to Strike and Reply in support of Motion, including attorneys' fees. Within ten days, Defendants' counsel must submit an affidavit setting forth these fees and expenses. If Pena's counsel disputes the reasonableness of the amounts, Pena shall file a response within ten days of the filing of the affidavit.

Defendants' motion to strike is denied, and Pena's motion to substitute his expert witness and amend the scheduling order is granted.

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.