IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSE PEÑA,

      Plaintiff,

v.                                                          CV 12-0622 WPL/RHS

WILLIAM D. HAWES, JR. and
AMERICAN FAMILY INSURANCE,

      Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

This matter is before me on Jose Peña's Motion for Partial Summary Judgment on the issue of liability, filed March 10, 2014. (Doc. 82.) Peña filed the instant motion almost two months after the January 14, 2014 deadline for filing pretrial motions. (*See* Doc. 58.) He has not requested permission to file a dispositive motion after this scheduling deadline, and he does not offer good cause—or indeed any reason—for failing to comply with the deadline, other than to state at a March 11, 2014 status conference that he has been unsuccessful in requesting that Defendants stipulate as to liability. *See* FED. R. CIV. P. 16(b)(3)(A) (requiring courts to include limitations on the time to file motions in scheduling orders); *id.* 16(b)(4) (requiring a showing of good cause to modify scheduling order deadlines); *see also, e.g.*, *ORI, Inc. v. Lanewala*, No. 99-2402-JWL, 2000 WL 1683659, at *2 (D. Kan. Nov. 3, 2000) (unpublished) (citing *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1518 (10th Cir. 1990)) (denying motions to dismiss as untimely when movant filed after the dispositive motions deadline without seeking the court's leave to do so).

Peña's unsuccessful attempts to persuade Defendants to stipulate on the issue of liability constitute neither good cause to extend the scheduling deadline nor excusable neglect for failing to meet that deadline. *See* FED. R. CIV. P. 16(b)(4); *see also id.* 6(b)(1)(B) (requiring a showing of excusable neglect if a party requests an extension of time to act after the original time has expired). Accordingly, Peña's motion (Doc. 82) is denied as untimely.

IT IS SO ORDERED.

*William P. Lynch*
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.