# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JOSE PEÑA,

    Plaintiff,

v.                                                          CV 12-0622 WPL/RHS

WILLIAM D. HAWES, JR. and
AMERICAN FAMILY INSURANCE,

    Defendants.

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

Jose Peña was involved in a rear-end collision that occurred on March 3, 2009, on Interstate 25 in Santa Fe County. There is no significant dispute about how the accident occurred. Peña was driving northbound on I-25 in a Kenworth tractor towing a bucket trailer loaded with gravel. William Hawes was also driving northbound on I-25 in a Toyota pickup that was towing a U-Haul trailer filled with rocks. Hawes admitted to the investigating police officer that he fell asleep while driving and that the front of his vehicle struck the rear of Peña's trailer. The impact sheared off the brakes on Peña's trailer, causing the brakes to lock up and bringing the vehicle to an abrupt stop.

The dispute in this case is whether Peña was injured as a result of the accident, and if so, the extent of those injuries. Peña claims that he was thrown around inside his truck and injured his back in the accident. It is undisputed that, after a motor vehicle accident in 1994, Peña had a fusion in his low back at L5-S1 with the implantation of pedicle screws. Peña asserts that he was pain free after his recovery from that surgery until the 2009 collision occurred. X-rays taken one day after the 2009 accident show a fracture of the left S1 pedicle screw. Peña submits that his

low back pain and problems led him to have two back surgeries at the Laser Spine Institute in 2011 and 2012 and that he continues to have low back pain that prevents him from working.

Defendants have filed a motion for summary judgment, arguing that Peña has failed to prove that the accident caused[1] his injuries. (Doc. 68.) Defendants emphasize that Peña's tractor-trailer weighed 80,000 pounds, in contrast to Hawes' pickup and trailer that weighed approximately 8,000 to 10,000 pounds, and that Peña did not complain of any injuries at the scene. Defendants' accident reconstruction and biomechanical experts calculated that the change in velocity of Peña's vehicle during the accident was no more than seven miles per hour and that the forces Peña experienced during the accident were comparable to or less than forces Peña experienced during his normal daily activities. Peña's accident reconstruction expert, Nelson Welch, similarly concluded that the change in velocity of Peña's vehicle was less than five miles per hour. Welch testified that while it was unlikely that Peña "should have been hurt in the accident," he could not say he was not injured.

Other than mentioning Peña's back surgeries, Defendants' motion fails to discuss any of the other medical treatment Peña received after the accident. Instead, Defendants rely upon a report from their retained expert, Dr. Peeples, an orthopedic surgeon in Arkansas,[2] who reviewed Peña's medical records. Dr. Peeples believes that the forces in the collision would have had to fracture the fusion at L5-S1 to acutely fracture the pedicle screw. Because this did not occur, Dr. Peeples concluded that the screw fractured as a result of repeated small motions many years before the 2009 accident. Dr. Peeples agreed with the diagnosis given at Christus St. Vincent's

---

[1] While Defendants often use the term "proximate cause" in their briefing, the 2004 amendments to UJI CIV 13-305 eliminated the use of the word "proximate" to make the instruction on causation clearer to the jury, and I will use the terminology approved by the New Mexico Supreme Court. *See* N.M. R. Civ. UJI 13-305 & committee commentary.

[2] Apparently no orthopedic surgeons in New Mexico or the surrounding states are competent to review Peña's medical records.

Hospital that Peña suffered a muscle strain and contusion in the collision. According to Dr. Peeples, this type of injury normally resolves within six to eight weeks without residual problems in individuals not involved in litigation.

There are two main reasons why Defendants' motion must be denied. First, in arguing that they are entitled to summary judgment on causation, Defendants ignore some of the conclusions reached by Dr. Peeples. Defendants submit that the force of the collision "was not nearly significant enough to cause any injury" to Peña and that the record "is completely devoid of evidence that [Peña's] alleged injuries occurred as a result of this low-impact accident." (Doc. 68 at 2, 8.) Yet, as noted above, Defendants' medical expert, Dr. Peeples, contradicts this assertion. Dr. Peeples agreed that Peña was injured in the accident, and he thought that it would take six to eight weeks for the muscular strain and contusion to completely resolve. Defendants do not discuss whether Peña could have worked during that time, what medical care and treatment would be appropriate for this injury, the costs of that care and the pain and suffering attendant to the injury. The testimony from Dr. Peeples is inconsistent with Defendants' argument and precludes Defendants from obtaining summary judgment on the issue of causation.

Second, to the extent Defendants meant to argue that there is no causal connection between the collision and the back surgeries,[3] Defendants have failed to establish that no genuine issue of material fact exists on this issue. Federal Rule of Civil Procedure 56 was substantially revised in 2010, and a new subdivision (c)(4) was added which sets forth the substantive requirements for affidavits or declarations used to support or oppose a motion for summary judgment. While a party need not submit a formal affidavit to support or oppose a motion, to be

---

[3] Buried in Defendants' motion is a statement that Peña's back surgeries "are not reasonably connected" to the accident. (Doc. 68 at 9.) Contrast this isolated comment with Defendants' numerous statements that Peña received no injuries as a result of the accident. (See Doc. 68 at 2, 7, 8; Doc. 74 at 1, 3-4, 5, 10.)

admissible an unsworn declaration or statement must be subscribed as true under penalty of perjury. FED. R. CIV. P. 56(c)(4) & advisory committee note (2010 amendments) (stating that an unsworn declaration, certificate, verification or statement may substitute for a formal affidavit if it is "subscribed in proper form as true under penalty of perjury"). The statements from Dr. Peeples and Defendants' accident reconstruction and biomechanical experts are not made under penalty of perjury. Thus, I cannot consider these statements when evaluating Defendants' motion. *See Lelieve v. Oroso*, 846 F. Supp. 2d 1294, 1299 n.2 (S.D. Fla. 2012); *Davenport v. Bd. of Trs.,* 654 F. Supp. 2d 1073, 1083 (E.D. Cal. 2009). Without these statements Defendants have not established that they are entitled to summary judgment on the issue of causation.

In addition, there are other fatal flaws with Defendants' motion. The admissibility of expert testimony on causation is a matter of federal law, *McDowell v. Brown*, 392 F.3d 1283, 1294-95 (11th Cir. 2004), and Defendants have failed to provide any information about the qualifications of their experts to allow me to consider whether they are qualified to offer opinions on causation. See FED. R. EVID. 702; *Ralston v. Smith & Nephew Richards, Inc.,* 275 F.3d 965, 967 (10th Cir. 2001) (ruling that an orthopedic surgeon was not qualified to give an opinion on intramedullary nailing); *Sittig v. Louisville Ladder Grp. LLC*, 136 F. Supp. 2d 610, 616-19 (W.D. La. 2001) (excluding testimony of mechanical and biochemical engineers on questions of ladder design where their backgrounds and methodology did not demonstrate qualification to opine on the subject). Further, New Mexico law is well-settled that the issue of causation of an injury is generally a question of fact to be determined by the jury. *See Herrera v. Quality Pontiac*, 73 P.3d 181, 186 (N.M. 2003); *Murphy v. Frinkman*, 589 P.2d 212, 214 (N.M. Ct. App. 1978).

As part of his response to Defendants' motion, Peña attaches an affidavit from Dr. Michael Weiss, the physician who performed Peña's surgeries at the Laser Spine Institute, to establish a causal connection between the accident and the medical treatment he provided. Defendants argue that I must exclude Dr. Weiss's testimony because Peña failed to submit a Rule 26 summary disclosure concerning Dr. Weiss's testimony. As I discussed previously in this case, Rule 26 was amended in 2010 to require a party to provide a report that discloses the subject matter on which a nonretained expert (i.e., a treating physician) will testify and a summary of the facts and opinions on which the expert will testify. FED. R. CIV. P. 26(a)(2)(C); *see* Amended Order Denying Defendants' Motion to Strike (Doc. 58 at 2-3). Courts may impose sanctions, including the exclusion of testimony, if a party fails to provide acceptable summary disclosures. (*See* Doc. 58 at 3 (citations omitted).)

I need not address Defendants' argument at this time. First, the burden shifts to Peña to come forward with facts that show there is a genuine issue for trial only if Defendants have satisfied their initial burden of showing that there is no issue of material fact, *see Shapolia v. Los Alamos Nat'l Lab.*, 992 F.2d 1033, 1036 (10th Cir. 1993) (citations omitted), and Defendants have not met that burden. Second, because Defendants have raised this issue in their reply brief, Peña has not had an opportunity to respond to it. A court may not rely on new arguments in a reply brief unless it permits the nonmovant to respond to the new arguments. *See Pippin v. Burlington Res. Oil & Gas Co.*, 440 F.3d 1186, 1192 (10th Cir. 2006); *Beaird v. Seagate Tech.*, 145 F.3d 1159, 1165 (10th Cir. 1998). If Defendants believe Peña has not complied with his Rule 26 summary disclosure obligations, they may file a motion in limine concerning Dr. Weiss's testimony. A motion in limine is also the appropriate vehicle to address whether I must strike the

testimony in the affidavit from Nelson Welch that Peña attaches to his response to Defendants' motion.

For these reasons, Defendants' motion for summary judgment on the issue of causation is denied.

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.