IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSE PEÑA,

      Plaintiff,

v.                                              CV 12-0622 WPL/RHS

WILLIAM D. HAWES and
AMERICAN FAMILY INSURANCE,

      Defendants.

## ORDER GRANTING MOTION TO
## ALLOW PLAINTIFF TO TAKE TRIAL DEPOSITIONS

Jose Peña filed a motion to take trial depositions of Dr. Michael Weiss and Clay Grossman. (Doc. 101.) Dr. Weiss is one of Peña's treating physicians and is located in Scottsdale, Arizona, while Clay Grossman is a records custodian for the Laser Spine Institute and is located in Fort Lauderdale, Florida. Peña asks alternatively to present testimony from these witnesses at trial by telephone or live video transmission, pursuant to Federal Rule of Civil Procedure 43.

Defendants assert that that I must deny Peña's request. They argue that the depositions are not timely because discovery terminated on December 30, 2013. They also submit that Peña cannot establish the good cause and compelling circumstances required under Rule 43 to present testimony from a different location.

I recognize that the Federal Rules of Civil Procedure do not distinguish "discovery" depositions from "trial" or "perpetuation" depositions. *See* FED. R. CIV. P. 32; *Integra Lifesciences I, LTD. V. Merck KGaA*, 190 F.R.D. 555, 558 (S.D. Cal. 1999). A number of courts,

however, have recognized this distinction and have allowed a party to take trial depositions after the discovery period has ended. *See, e.g.*, *Charles v. Wade*, 665 F.2d 661, 664 (5th Cir. 1982); *RLS Assocs., LLV v. United Bank of Kuwait PLC*, No. 01 Civ. 1290(CSH), 2005 WL 578917, at *6-7 (S.D.N.Y. Mar. 11, 2005); *Estenfelder v. Gates Corp.*, 199 F.R.D. 351, 354-55 (D. Colo. 2001). In *Estenfelder*, the court recognized the common-sense distinction that discovery depositions are used to discover what a witness knows about the issues in a case, while trial or perpetuation depositions are used when a party knows what the witness will say and seeks to preserve that testimony for trial. *See Estenfelder*, 199 F.R.D. at 354-55. Trial lawyers understand this distinction, even if some courts do not. *See id.* at 352-53 (distinguishing *Henkel v. XIM Products, Inc.*, 133 F.R.D. 556 (D. Minn. 1991), and *Integra*).

Courts have wide latitude in determining whether evidence is admissible, *Meloff v. N.Y. Life Ins. Co.*, 240 F.3d 138, 148 (2d Cir. 2001), and in controlling the mode and order of its presentation to promote the effective ascertainment of the truth, *see* FED. R. EVID. 611(a). Further, excluding evidence is a drastic sanction. *Estenfelder*, 199 F.R.D. at 355-56 (quoting *Summers v. Miss. Pac. RR. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997)). It is difficult to see how Defendants will be prejudiced or surprised if Peña deposes Dr. Weiss and Grossman, since Dr. Weiss was disclosed in Peña's initial disclosures and the medical bills were identified as elements of Peña's damages, yet Defendants decided not to depose Dr. Weiss and have stipulated that the medical bills are authentic.[1] Indeed, it is probably Peña who will be prejudiced, since presentation of live testimony is generally considered to be more effective because it allows the court to assess the credibility and demeanor of the witness. *Garcia-Martinez v. City and Cnty. of*

---

[1] Because Defendants have stipulated to the authenticity of Peña's bills, Grossman's deposition may be avoided if Peña clearly and specifically identifies what bills he seeks to introduce into evidence and if Peña is prepared to offer expert testimony that the bills are reasonable and necessary and related to the accident with Hawes. (*See* Doc. 120 at 3 ("Order Denying Motions to Admit Medical Records and Bills").)

*Denver*, 392 F.3d 1187, 1191 (10th Cir. 2004). To the extent that Defendants are prejudiced, they make take a brief discovery deposition of these witnesses before the perpetuation depositions begin. Allowing Peña to take the depositions should not interfere with trial, which is scheduled to begin May 19, 2014. Finally, Defendants have not argued that Peña is acting in bad faith in seeking to take these depositions. Because Defendants cannot show prejudice, an inability to cure such prejudice, any interference with the trial setting, or bad faith on Peña's part, exclusion of the witnesses' perpetuation depositions from trial would be inappropriate. *See Estenfelder*, 199 F.R.D. at 356 (citing *Summers*, 132 F.3d at 604).

Thus, Peña's motion to take trial depositions from Dr. Weiss and Clay Grossman (Doc. 101) is granted.

IT IS SO ORDERED.

_William P. Lynch_
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.