IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSE PEÑA,

      Plaintiff,

v.                                                      CV 12-0622 WPL/RHS

WILLIAM D. HAWES and
AMERICAN FAMILY INSURANCE,

      Defendants.

**ORDER GRANTING EMERGENCY MOTION FOR PROTECTIVE ORDER**

This matter is before me on Defendants' Notice of Nonappearance (Doc. 163) and their Emergency Motion for Protective Order (Doc. 164), both of which seek to prevent Jose Peña from moving forward with a trial deposition of Dr. Michael Weiss on May 13, 2014. For the reasons stated herein, Defendants' motion is granted.

Defendants assert that after April 18, 2014, when I granted Peña's motion to allow him to conduct a trial deposition of Dr. Weiss, Peña failed to schedule this deposition for another eleven days. Instead, Peña took no action to schedule the deposition until after the April 28 motion hearing (*see* Doc. 151), and even then he waited until the following day to contact Dr. Weiss's employer to arrange for the deposition. Defendants contacted Peña again on April 29 and 30 to confirm a deposition date. (Doc. 164 Ex. A.) It was not until the afternoon of April 30 that Peña notified Defendants that Dr. Weiss would only be available to be deposed in Tampa, Florida, that he would only be available within four to six days before trial, and that he could only be deposed in the late afternoon on those dates. (*See* Doc. 164 Ex. B.) Defendants objected via email to Peña's attorney the next morning, after which time Peña clarified that Dr. Weiss could be

deposed via videoconference, to which Defendants also objected. (Doc. 164 Ex. C.) When the parties could not resolve the dispute, Peña unilaterally noticed the May 13 deposition date on the evening of Saturday, May 3, 2014. (Doc. 162.)

Defendants argue that holding a trial deposition within four to six days of trial is impractical, would prejudice them, and could interfere with the trial setting. They claim that it is unreasonable to require them to travel for several days—one day to travel to Tampa, perhaps another to conduct the deposition, and another to travel back to New Mexico—when trial is imminent and trial preparation is crucial. They also oppose Peña's suggestion that they conduct their end of the deposition remotely via videoconference, asserting that it would be difficult if not impossible to question Dr. Weiss with exhibits during their cross-examination. They further contend that the noticed deposition date leaves precious little time to obtain a transcript, designate deposition testimony, deal with objections, and thereafter edit the video and transcript, particularly at a time when other trial preparation activities should be conducted.

At the pretrial conference held on May 5, 2014, Peña pointed out that the Court only denied Defendants' motion to strike Dr. Weiss at the April 28 motion hearing. He stated that he only learned that Dr. Weiss had moved to Tampa from Scottsdale, Arizona, after he contacted Dr. Weiss's employer on April 29. He says that he only noticed the deposition after Defendants failed to agree to the dates or videoconference option he had proposed. He asserts that Defendants would not be prejudiced by a May 13 deposition date because they could either complete much of their work while traveling or conduct the deposition via videoconference.

Defendants are correct. It is absurd to think that it would be practical to conduct a trial deposition of Dr. Weiss, remotely or otherwise, only six days before trial. Doing so not only prejudices Defendants for the reasons stated above, but also threatens to blow up the trial

2

calendar. I granted Peña's motion to procure Dr. Weiss's trial testimony via deposition on April 18, 2014—the day after Defendants filed their response opposing his motion to do so—yet Peña inexplicably took no action to schedule the deposition for another eleven days. It is clear that Peña took no such action because he was apparently unaware that Dr. Weiss had moved across the country, from Scottsdale to Tampa, until he communicated with Dr. Weiss's employer on April 29 or 30; had Peña acted diligently and promptly, he would not have been surprised to learn about the move at this late date. It is patently unreasonable for Peña to expect Defendants to sacrifice either their direct access to Dr. Weiss (if the deposition is held by videoconference) or their trial preparation time (if traveling to Tampa) with such little time to spare and with such short notice; it is equally unreasonable to risk delaying the trial any further due to whatever problems might arise with respect to a late trial deposition.[1]

Defendants' emergency motion for a protective order (Doc. 164) is GRANTED. Peña is prohibited from taking the trial deposition of Dr. Weiss within the last week before trial. This Order does not preclude Peña from arranging for an earlier trial deposition date or from presenting Dr. Weiss for testimony at trial.

IT IS SO ORDERED.

*William P. Lynch*
William P. Lynch
United States Magistrate Judge

---

[1] As I noted at the pretrial conference, this is not the first time that Peña has learned that a witness was not available as planned after failing to act in a timely fashion. When Peña failed to timely file his expert report for his original accident reconstruction expert, Defendants moved to strike the witness; it was only after meeting with that witness almost two weeks later that Peña learned that the expert no longer intended to serve as his expert witness. To avoid prejudice to the parties, I was forced to extend discovery deadlines and reset the trial for four months after the original setting so that Peña could replace this witness. (*See* Doc. 58; Doc. 65.) We are now well past the point where Peña's lack of diligence can reasonably be cured by forcing the parties and the Court to postpone matters further.

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.