IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSE PEÑA,

      Plaintiff,

v.                                                                  CV 12-0622 WPL/SCY

WILLIAM D. HAWES and
AMERICAN FAMILY INSURANCE,

      Defendants.

**ORDER DENYING SECOND
REQUEST TO ADMIT MEDICAL BILLS**

Jose Peña, through his attorney John A. Aragon, has filed a Trial Brief[1] requesting that I admit into evidence certain medical bills submitted as proposed exhibits 14, 15, 18, 20, 22 and 24. (Doc. 174.) Mr. Aragon argues in the Trial Brief that he "has found no authority" for the position that, for the medical bills to be admitted into evidence in New Mexico, expert testimony is required to establish that medical bills are reasonable and necessary and related to injuries at issue in the case. (*Id*. at 2.)

This is a particularly troubling argument. I have already issued an order denying the admission of Pena's medical bills. (*See* Order Denying Motions to Admit Medical Records and Bills, Doc. 120 at 2-3.) That Order cites two cases from the New Mexico Court of Appeals that hold that a party seeking to admit medical bills in New Mexico must lay a foundation for the bills that establishes an exception to the hearsay rule and must also present expert testimony that

---

[1] A Trial Brief usually outlines the facts and law that apply to the case in order to educate the trial judge on issues that may be encountered during trial. Mr. Aragon has not filed a Trial Brief but has filed what amounts to a motion to reconsider my previous ruling denying his request to admit Pena's medical bills.

the bills are reasonable, necessary and related to the claimed injuries. *See Segura v. K-Mart Corp.*, 62 P.3d 283, 289 (N.M. Ct. App. 2002); *Padilla v. Hay*, 900 P.2d 969, 972 (N.M. Ct. App. 1995); *see also* (Doc. 120 at 2-3) (discussing these cases). This is especially important when causation would not be obvious without expert testimony. *Cf., e.g.*, *Harvey v. United States*, 685 F.3d 939, 951-53 (10th Cir. 2012) (noting the need under Arizona law for expert testimony where a lay jury could not otherwise determine causation for injury); *Tingey v. Radionics*, 193 F. App'x 747, 764 (10th Cir. 2006) (unpublished) (same principle under Utah law); *Gust v. Jones*, 162 F.3d 587, 594 (10th Cir. 1998) (same principle under Kansas law).

Since I cited *Segura* and *Padilla* in my Order, I am baffled by Mr. Aragon's statement that he "has found no authority" concerning the admission of medical bills in New Mexico. If Mr. Aragon is serious about admitting the medical bills into evidence, he should have acknowledged that *Segura* and *Padilla* are directly on point and attempted to distinguish them or argue for their modification or reversal. *See* N.M.R.A., Rule 16-301. From a comparative law perspective, it is interesting to know that twelve other states have different rules on this issue and that the Ninth Circuit Court of Appeals issued a decision 115 years ago concerning the admission of medical bills. (*See* Doc. 174 at 3-7.) Yet, this case is pending in the District of New Mexico, which is not located in the Ninth Circuit, and New Mexico is apparently not one of the states Mr. Aragon thought to research.

This is not the first time that Mr. Aragon has failed to either read or understand an order that I entered. Mr. Aragon failed to appear in Las Cruces for a show cause hearing, and he defended his non-appearance on the ground that he had failed to fully read the Order to Show Cause. (*See* Order to Show Cause, Doc. 145; Doc 151 at 1–2; Doc. 160 at 12.) Also, despite the fact that I explained to Mr. Aragon the requirements of summary disclosures for treating

physicians under Federal Rule of Civil Procedure 26(a)(2)(C) (*see* Amended Order Denying Defendants' Motion to Strike, Doc. 58 at 2-3), Mr. Aragon failed to provide adequate summary disclosures for the physicians who treated his client (*see* Order, Doc. 157 at 1-2).

Since Mr. Aragon has once again failed to either read or understand my Order Denying Motions to Strike Medical Records and Bills and has studiously avoided discussing the applicable law on the admission of medical bills in New Mexico, I deny the request to admit the medical bills identified as exhibits 14, 15, 18, 20, 22 and 24. As provided in an earlier Order (*see* Doc. 157 at 3), Mr. Aragon may attempt to lay a foundation for admission of exhibit 22, the medical bills of the Laser Spine Institute, through Dr. Michael Weiss.

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.